**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIARA DIAZ, on behalf of herself and all others similarly situated, | Civil Case Number: |
| Plaintiffs, | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CLIENT SERVICES, INC., | |
| Defendant. | |

Plaintiff KIARA DIAZ (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Law Office of Alan J. Sasson, P.C., against Defendants CLIENT SERVICES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**7.** Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

1. Defendant is a collection agency with an office maintained in St. Charles, Missouri.

9. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to Capital One Bank (USA), N.A. ("Capital One"), that contains the alleged violations arising from Defendant's violation of 15 U.S.C. §1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are

    entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

15. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an unpaid tuition balance allegedly owing to Capital One.

16. On or about January 11, 2016 Defendant sent Plaintiff a collection letter. *See* **Exhibit A.**

17. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

18. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

19. Congress adopted the provisions of section 1692f with the stated intent to prohibit debt collectors from attempting collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

20. Defendant's attempt at collecting more than what it initially stated was owed is exactly the type of harm Congress contemplated when enacting Section 1692f.

21. As such, Defendant's violations of the FDCPA created the risk of real harm that Plaintiff

would overpay and thereby incur a significant monetary deficit due to Defendant's actions, when in reality; the amount allegedly owed on the debt would preclude such action.

22. Defendant's actions as described herein are part of a pattern and practice used to collect debts.

23. As set forth in the following Counts Defendant violated the FDCPA.

### First Count
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

26. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

27. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

28. Defendant's letters to Plaintiff sets forth a "Current Balance" of $441.65.

29. Defendant's letters fail to disclose whether the balance may increase due to interest and fees.

30. The least sophisticated consumer would be confused as to how she could satisfy the debt.

31. The least sophisticated consumer might believe she could pay the debt in full by remitting the sum stated in the letter at any time after he received the letter.

32. Such a belief may or may not be correct, as Defendant has failed to disclose whether the balance may increase due to interest and fees.

33. If interest continues to accrue after the date of the letter, the least sophisticated consumer would not know how to satisfy the debt because the Defendant has failed to indicate the applicable interest rate.

34. Conversely, the least sophisticated consumer might believe she may pay the debt in full by remitting the sum stated in the letter at any time after the date of the letter.

35. Defendant failed to clearly state the amount of the debt.

36. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

37. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

38. Defendant has violated the FDCPA because the letter fails to disclose whether the balance may increase due to interest and fees.

39. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

40. Nor has Defendant provided the safe harbor language adopted by the Second Circuit.[1]

41. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

---

[1] *Avila v. Riexinger & Assocs., LLC*, Nos. 15-1584(L), 15- 1597(Con), 2016 U.S. App. LEXIS 5327, at *8 (2d Cir. Mar. 22, 2016) ("The district court also expressed a concern that requiring debt collectors to disclose this information might lead to more abusive practices, as debt collectors could use the threat of interest and fees to coerce consumers into paying their debts. This is a legitimate concern. To alleviate it, we adopt the "safe harbor" approach adopted by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000)...The court[in Miller] held that a debt collector who used this form would not violate the [FDCPA], "provided, of course, that the information [the debt collector] furnishes is accurate.") (emphasis added).

## Second Count
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through 41" herein with the same force and effect as if the same were set forth at length herein.

43. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

44. Said letter stated in pertinent part as follows: "Charges or fees accrued since charge-off: $0.00."

45. The notification of said "Charges or fees accrued since charge-off: $0.00" is unlawful.

46. Defendant did not have any legal basis for adding a "Charges or fees accrued since charge-off" onto Plaintiff's alleged debt.

47. The least sophisticated consumer could be led to believe that although there are no "Charges or fees" at the time he received said letter, he may be liable to same in the near future.

48. The said letter language implies a threat, and is confusing to the least sophisticated consumer so as to falsely imply that the creditor is entitled to compensation for "Charges or fees."

49. Defendant was not entitled to impose "Charges or fees" as a permissible fee that a creditor may charge in connection with a consumer credit transaction. *Tylke v. Diversified Adjustment Service, Inc.*, No. 14-CV-748 (E.D. Wis. Oct. 28, 2014). ([I]t is possible that, as the defendant suggests, an "unsophisticated consumer" might understand the statement to be explaining that no part of the debt is a "collection fee" even though the (creditor's) agreement allows for one. On the other hand, it is also possible that an "unsophisticated consumer" would interpret the statement to mean that there is no "collection fee" now but that one could be assessed later on. In other words, the inclusion of a collection fee, even one showing a

balance of zero, could imply the future possibility of one. Such a reading is neither bizarre nor idiosyncratic.)

50. Said language can be reasonably read to have two or more different meanings, one of which is false. *Pipiles v. Credit Bureau of Lockport, Inc*., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), *Russell v. Equifax A.R.S*., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

51. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

52. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## Third Count
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations as to the Rights of the Consumer

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "53" herein with the same force and effect as if the same were set forth at length herein.

55. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

56. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

57. Defendant was attempting to collect on Plaintiff's purportedly overdue credit card account with Capital One.

58. Upon information and belief, Plaintiff's account with Capital One was charged-off and is not subject to change, and will never increase due to any terms of the original agreement.

59. Upon information and belief, the Defendant has no legal or contractual right to change the amount that the Plaintiff allegedly owes to the Creditor.

60. Nonetheless, Defendant's collection letter states in pertinent part:

| | |
|---|---|
| **Balance Due at Charge-Off:** | **$441.65** |
| **Interest:** | **$0.00** |
| **Other Charges:** | **$0.00** |
| **Current Balance:** | **$441.65** |

61. Defendant violated §1692e by falsely implying that additional charges, such as "Other Charges" may accrue at some point in the near-future if the account goes unpaid.

62. As the account balance Defendant seeks to collect never varies from the date of Charge-Off, and Defendant never makes an adjustment due to miscellaneous dues or fees, the statement in its letter is false, deceptive and misleading.

63. Upon information and belief, Defendant only put the above-mentioned language in its dunning letter to create a sense of urgency to pay in Plaintiff.

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**Fourth Count**
**15 U.S.C. §1692e** *et seq.*
**False or Misleading Representations as to Status of Debt**

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "64" herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

67. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

68. Despite Defendant's instructions to pay online at www.csiconsumercenter.com, upon entering Defendant's website do same Plaintiff encountered an error which prevented her from checking the status of her debt online.

69. Defendant's website requested both a reference number and a password. However, the Collection Letter received by Plaintiff only mentions a reference number and not a password. Nonetheless, the website required insertion of a password in order to gain access.

70. Upon information and belief, the only way to gain access to Plaintiff's personal information on Defendant's website is to call Defendant and speak to a live operator.

71. Upon information and belief, this was a collection ploy designed to urge the least sophisticated consumer to call the collection agency and thus be more vulnerable to

collection efforts.

72. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Law Office of Alan J. Sasson, P.C., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
January 9, 2017

Respectfully submitted,

By: /s/ Alan J. Sasson
Alan J. Sasson, Esq.
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:    (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Alan J. Sasson*
Alan J. Sasson, Esq.

Dated: Brooklyn, New York
January 9, 2017